UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 15, 2005[*]
Decided July 18, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-2464

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>v.<br><br>ADAM KRUGER,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>No. 03 CR 1095<br><br>Suzanne B. Conlon,<br>*Judge.* |

**O R D E R**

Adam Kruger defrauded investors of more than $1 million by portraying himself as an online stock trader with an impressive track record. He pleaded guilty to an information charging him with two counts of wire fraud under 18 U.S.C. § 1343. In his written plea agreement, Kruger waived "any and all appellate rights" conferred by "any . . . source whatsoever," except that he reserved the right to appeal any upward departure from the sentencing guidelines. The district court sentenced him within the guideline range to a total of 97 months' imprisonment, five years' supervised release, and $1,185,250 in restitution.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Kruger now asserts that he is entitled to a limited remand under *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), because the district court sentenced him believing that the sentencing guidelines were mandatory. We cannot reach this issue, however, because it is not within the scope of the exception to the waiver of his right to appeal. Appeal waivers are enforced as written, "even if the law changes in favor of the defendant after sentencing"; as we held after Kruger filed his brief, nothing in *Booker* justifies deviation from this rule. *See United States v. Bownes*, 405 F.3d 634, 636-37 (7th Cir. 2005). Kruger cites our opinion in *United States v. Loutos*, 383 F.3d 615 (7th Cir. 2004), in support of his claim, but that case did not discuss the effect of the appeal waiver on a *Booker* challenge.

DISMISSED.